UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARC ANTHONY TORRES,                            :
                                                :
                               Plaintiff,       :
                                                :
       -against-                                :
                                                :       **FIRST AMENDED**
THE CITY OF NEW YORK; JOEY ALIX;                :       **COMPLAINT**
SCOTT COTE; MATTHEW FORTE; ROBERT               :
KELLY; ANTHONY RONDA; and JOHN/JANE             :       **Jury Trial Demanded**
DOES, Nos. 1-10 (members of the New YorkCity    :
Police Department whose names are presently     :       **ECF Case**
unknown to plaintiff),                          :
                                                :       14 Civ. 0502 (HB) (HP)
                               Defendants.      :
------------------------------------------------------------------x

      Plaintiff MARC ANTHONY TORRES, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

      1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

      3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

      4.     The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff MARC ANTHONY TORRES is a resident of the Bronx, New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant JOEY ALIX (formerly Shield No. 1024) (presently Shield No. 456) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Alix was a detective assigned to Narcotics Borough Manhattan North. Defendant Alix is being sued in his individual capacity.

10. Defendant SCOTT COTE (Shield No. 862) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Cote was a detective assigned to Narcotics Borough Manhattan North. Defendant Cote is being sued in his individual capacity.

11. Defendant MATTHEW FORTE (Shield No. 19992) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant

times herein, defendant Forte was a police officer assigned to Narcotics Borough Manhattan North. Defendant Forte is being sued in his individual capacity.

12. Defendant ROBERT KELLY (Shield No. 3349) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Kelly was a sergeant assigned to Narcotics Borough Manhattan North. Defendant Kelly is being sued in his individual capacity.

13. Defendant ANTHONY RONDA is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Ronda was a lieutenant assigned to Narcotics Borough Manhattan North. Defendant Ronda is being sued in his individual and official capacities.

14. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

15. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

16. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

17. On Friday afternoon, July 5, 2013, from about 1:00 p.m. to about 3:00 p.m., plaintiff attended a meeting of old-time stickball players ("the old-timers") on the benches outside the Franklin Plaza Apartments at Second Avenue and East 106th Street in East Harlem to prepare for the upcoming annual East 111th Street Old Timers Weekend and World Series of Stickball.

18. Plaintiff's father had been actively involved in the annual East 111th Street Old Timers Weekend and World Series of Stickball from its inception in about 1975 until his death in 2010.

19. Shortly after 3:00 p.m., plaintiff said good-bye to the old-timers and left to return to his home in the Bronx to shower and change for work that evening in his long-time job as a linen attendant in an upscale hotel in Manhattan.

20. As plaintiff crossed Second Avenue at East 106th Street on his way to the subway station at Lexington Avenue and East 103rd Street, Ramon Santiago, an old friend of plaintiff's from the neighborhood, came up to plaintiff and asked to borrow $20.

21. Plaintiff, who had only two $20 bills with him, offered to loan $10 to Mr. Santiago.

22. Plaintiff and Mr. Santiago began walking south along Second Avenue, looking for a store where plaintiff might be able to break a $20 bill.

23. Plaintiff and Mr. Santiago finally entered a Chinese restaurant at Second Avenue and East 105th Street, where plaintiff bought a soda with a $20 bill and gave Mr. Santiago $10 from the change.

24. Back outside the Chinese restaurant, plaintiff and Mr. Santiago said goodbye.

25. Plaintiff then began walking west along East 105th Street, heading to the subway station at Lexington Avenue and East 103rd Street.

26. As plaintiff walked west along East 105th Street, a police officer in plain clothes came up behind plaintiff, took plaintiff into custody, and handcuffed plaintiff excessively tightly.

27. There was no probable cause to arrest plaintiff for any crime or offense, as he had committed no crime or offense.

28. The police officer took plaintiff back to Second Avenue and East 105th Street, where two other police officers in plain clothes held Mr. Santiago in custody and several other police officers stood nearby.

29. Plaintiff asked the police officers to loosen the excessively tight handcuffs but they refused to do so.

30. Plaintiff next was taken to the 25th Precinct at 120 East 119th Street, where police officers made plaintiff remove his clothes and squat for inspection of his anal cavity, even though there was no probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

31. No drugs, pre-recorded buy money, other contraband, or any evidence of criminal activity were found on plaintiff's person or in his possession.

32. In connection with plaintiff's arrest, police officers, including defendants Alix, Cote, Forte, Kelly, and Ronda, conspired to prepare and did prepare a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and conspired to make and did make false and misleading statements to the District Attorney. As a result, the District Attorney decided to prosecute plaintiff.

33. Plaintiff was arraigned in New York County Criminal Court the next day, Saturday, July 6, 2013, and charged with criminal sale of a controlled substance in the third degree, a felony under New York law. N.Y. Penal Law § 220.39(1).

34.     Bail was set at $15,000 bond over $1,000 cash. Because plaintiff could not post that amount, he was taken to Rikers Island Correctional Facility ("Rikers").

35.     On Thursday, July 11, 2013, all criminal charges against plaintiff were dismissed on motion of the District Attorney.

36.     Following dismissal of the charges against him, plaintiff was released from custody, after spending six days in jail, including nearly five days at Rikers.

37.     Plaintiff was homeless for another several days until he was able to retrieve his apartment keys, which had been taken from him and vouchered during his incarceration.

38.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, loss of income, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

39.     Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

41.     Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

43. Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

45. Plaintiff repeats and realleges paragraphs "1" through "44" with the same force and effect as if they were fully set forth herein.

46. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF

### (Violation of Right to Fair Trial Claim under 42 U.S.C. § 1983)

47. Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48. Defendants fabricated evidence and created false information likely to influence a jury's decision and forwarded that evidence and information to prosecutors, in violation of plaintiff's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

49. Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

51. Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

53. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, fabricating evidence, and committing perjury.

54. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City, including, but not limited to:

(1) **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368 (JBW) (police officers arrested 53-year-old disabled man inside 83rd Precinct in Brooklyn, where he had gone to ask about granddaughter, and falsely reported that he had trespassed in an apartment building blocks away; the charges were later dismissed);

(2) **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917 (JSR) (police officers arrested three individuals in East Harlem on false charges, including assault in the second degree on police officer; all charges later dismissed; Civilian Complaint Review Board found that officers lacked probable cause to make arrests);

(3) **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160 (AKH) (police officers arrested individual in East Harlem on false charges, including obstructing governmental administration in second degree; the charges were later dismissed);

(4) **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227 (DLC) (police officers arrested individual in Chelsea on false charges of resisting arrest and disorderly conduct; the charges were later dismissed);

(5) **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158 (NGG) (police officers arrested individual in Brooklyn on false drug possession charges; the Kings County District Attorney declined to prosecute); and

(6) **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604 (PKC) (police officers arrested 16-year-old near Union Square on false charges, including murder in second degree; officers coerced false confession from 16-year-old; lead detective stated in report that witness positively identified 16-year-old, when, in fact, witness did not; the charges were later dismissed).

55. In denying the City's motion to dismiss a municipal liability claim made on *Iqbal/Twombly* grounds in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, observed:

> Informal inquiry by the court and among the judges of this court, as well as

> knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Id.* at *2.

56. Since 2005, the NYPD has refused to prosecute forty percent (40%) of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB have resulted in NYPD discipline more severe than verbal instructions. *Id.*

57. Seemingly acknowledging the problem of constitutional violations by police officers, then New York City Police Commissioner Raymond E. Kelly stated, "When it happens, it's not for personal gain. It's more for convenience." Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

58. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

59. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

60. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

61. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

### Supplemental State Law Claims

62. Plaintiff repeats and realleges paragraphs "1" through "61" with the same force and effect as if they were fully set forth herein.

63. Within ninety (90) days after plaintiff's claims herein arose, plaintiff duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

64. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City of New York. The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

65. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

### EIGHTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

67. Plaintiff repeats and realleges paragraphs "1" through "66" with the same force and effect as if they were fully set forth herein.

68. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

### NINTH CLAIM FOR RELIEF

### (Assault Under New York Law)

69. Plaintiff repeats and realleges paragraphs "1" through "68" with the same force and effect as if they were fully set forth herein.

70. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## TENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

71. Plaintiff repeats and realleges paragraphs "1" through "70" with the same force and effect as if they were fully set forth herein.

72. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## ELEVENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

73. Plaintiff repeats and realleges paragraphs "1" through "72" with the same force and effect as if they were fully set forth herein.

74. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor.

## TWELFTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

75. Plaintiff repeats and realleges paragraphs "1" through "74" with the same force and effect as if they were fully set forth herein.

76. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## THIRTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

77. Plaintiff repeats and realleges paragraphs 1 through "76" with the same force and effect as if they were fully set forth herein.

78. Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## FOURTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

79. Plaintiff repeats and realleges paragraphs 1 through "78" with the same force and effect as if they were fully set forth herein.

80. Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
       June 2, 2014

Respectfully submitted,

/s/
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

13

To:   Ashley R. Garman, Esq. (by ECF)
      Assistant Corporation Counsel
      *Attorney for Defendants The City of New York,*
          *Joey Alix, Scott Cote, and Matthew*
          *Forte*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARC ANTHONY TORRES,                                        :
                                                            :
                                    Plaintiff,              :
                                                            :
       -against-                                            :
                                                            :
THE CITY OF NEW YORK; JOEY ALIX;                            :    14 Civ. 0502 (HB) (HP)
SCOTT COTE; MATTHEW FORTE; ROBERT                           :
KELLY; ANTHONY RONDA; and JOHN/JANE                         :
DOES, Nos. 1-10 (members of the New York City               :
Police Department whose names are presently                 :
unknown to plaintiff),                                      :
                                                            :
                                    Defendants.             :
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*